EDWARD D. CAMPBELL, Appellant, v. HARRY G. HAMILTON, Respondent.

(172 N. W. 810.)

**Animals — estrays — duty of party taking up — compliance with statute necessary.**

Under the estray statute no person has a right to impound an animal as an estray unless it is in truth and in fact an estray, and when a person does take up an estray, he must comply strictly with all the provisions of the statute.

Opinion filed April 22, 1919.

Appeal from the District Court of Dunn County, Honorable W. C. Crawford, Judge.

Reversed and remanded.

W. A. Carns, for appellant.

"The animal must be an estray, and, if it is not, the taker up acquires no interest in it." 3 C. J. 79; 1 R. C. L. 1143, § 84; Ray v. Davison, 24 Mo. 280; Walter v. Glats, 29 Iowa, 437; Sheper v. Hawley, 4 Or. 206; Roberts v. Barnes, 27 Wis. 422.

"The party taking up an estray and failing to advertise same is liable to the owner for damages. The statute must be followed." Comp. Laws 1913, §§ 2658, 2661; 14 N. D. 460; 3 C. J. 81, 82; 1 R. C. L. § 84, p. 1143.

J. P. Cain, for respondent.

ROBINSON, J. This is a replevin suit to recover a bay mare and her sucking colt. The defense is that while doing damage on his place the mare was taken up and sold by order of the defendant in accordance with the Estray Statute. As it appears, the plaintiff was the owner of the mare and the colt, and on December 26, 1915, the same with several other horses were trespassing on the land of defendant. He took the bunch, drove them into his pasture, took out the mare and one horse, put them in his barn and let the rest go. He separated the mare from the colt, and so it was lost. The mare was branded with a T on the left side of the neck. It was the plaintiff's brand and defendant well knew it. The next day he went to Campbell's place, saw his wife, said that he wanted Campbell to come and get the animals,—and that the damage was $15. On January 20, 1916, he went to Campbell's place again. Campbell had been kicked by a horse and had no help, and so he requested defendant to bring the horses to him and offered to pay the damages. Then, in March, 1916, Mike Fischer went to get the animals and offered, as he says, to pay $25 damages. In February, 1916, defendant caused this notice to be published.

Taken Up

One brown gelding and bay mare, both branded flying T on left side of neck. Owner may have property by paying damages and this notice.

H. G. Hamilton
Sec. 26—143—97
Fayette, N. D.

Then, on March 3, 1917, after publishing notice of sale on February 22, 1917, and on March 1, 1917, one Boyd, a justice of peace, offered the animal for sale and sold the same to defendant for $91.

It is manifest that, aside from the question of damages, the court should have directed a verdict for the plaintiff. There is no shadow of a compliance with the Estray Statute. In the first place the animal was

not an estray; she was not lost to her owner. She knew her master's crib and knew her way home just as well as the defendant knew it. The plaintiff had raised her in the neighborhood and she had given him several colts.

The fair presumption is that, if the defendant had not put the mare in his barn, she would have gone home with her colt. Under the statute on trespassing animals, defendant had a right to take the mare and the colt and to hold them for the damage done by them alone, but he had no right to separate the mare from her colt and to leave it perish for want of its dam. By that wrongful act the defendant became a trespasser from the beginning.

An estray is a wandering animal whose owner is unknown,—an animal that has strayed away and lost itself. 2 Cyc. 558. "A wandering beast which no one seeks, follows, or claims." Roberts v. Barnes, 27 Wis. 422. Under the estray statute a person has no right to impound an animal as an estray unless it is in truth and in fact an estray; and when a person does take up an estray he must comply strictly with all the provisions of the statute. In this case there was no such compliance in any particular. The excuse was that defendant knew the owner of the animals and the owner knew all about the impounding of them. Were it not for the question of damages and the loss of the colt, judgment should be directed in favor of plaintiff. The case presents no other question. Judgment reversed and remanded for further proceedings.

Reversed and remanded.

GRACE and BRONSON, JJ., concur in the result.